UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mozes Basch,<br>individually and on behalf of all others similarly situated,<br>Plaintiff(s)<br>-v.-<br>Nationwide Credit, Inc.,<br>Defendant(s). | Case No: 1:22-cv-3264<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mozes Basch ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against the Defendant Nationwide Credit, Inc. ("Defendant" or "NCI"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer

protection laws were inadequate. Id. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant NCI is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process with its registered agent c/o CT Corporation System, 28 Liberty Street, New York, New York 10005.

9. Upon information and belief, Defendant NCI is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

10. Among other services, Defendant NCI is in the business of providing collection services on behalf of its customers, and it uses the mail and telephone in doing so.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of all individuals:

   a. with addresses in the State of New York;

   b. to whom Defendant NCI sent a collection letter;

   c. attempting to collect a consumer debt;

   d. that included undefined adjustments to the total balance post charge off;

   e. which letters were sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and/or 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer

lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and/or 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to December 25, 2021, Plaintiff allegedly incurred an obligation to non-party American Express ("AE").

22. The obligation arose out of a transaction in which money, property, insurance, or services of the subject transactions were incurred for personal purposes.

23. The alleged AE obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. AE is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. The debt was placed with the Defendant NCI by its customer, AE, for collection thereon.

26. The debt was allegedly overdue at the time it was placed with the Defendant NCI by AE.

27. Defendant NCI collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violations – December 25, 2021 Collection Letter*

28. On December 25, 2021, Defendant NCI sent the Plaintiff a collection letter ("the Letter"), a copy of which is **attached as Exhibit A**.

29. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

30. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory

fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

31. The Letter states the following:

Original Creditor: AMERICAN EXPRESS
Total due as of charge-off: $6,693.74
Total interest accrued since charge-off: $0.00
Total non-interest charges or fees accrued since charge-off: $0.00
Total payments made since charge-off: $0.00
**Total adjustments made since charge-off: $1.91**

32. Pursuant to the foregoing, the Letter further states that the AE account has a balance of $6,691.83.

33. The notation of an "adjustment" since charge-off, particularly in the form of an apparent credit, is inaccurate and a misstatement as to the total amount due under the alleged debt.

34. The inaccuracy of the credit since charge-off is particularly apparent in light of the statement that no payments had been received and no other charges are noted.

35. Therefore, the "adjustment" appears to be inaccurate, calling into question the legitimacy of the Letter overall.

36. The Letter includes a breakdown of the debt and all possible actions that could have occurred to the debt yet the $1.91 is not included in any of these actions, rather remains undefined.

37. The Letter violates § 1692g(a)(1) as it fails to clearly identify the amount of the debt owed by the Plaintiff.

38. Defendant's actions caused the Plaintiff to suspect there was fraud involved with this collection.

39. Plaintiff was therefore unable to make any payments on the alleged debt.

40. Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the amounts stated in the Defendant's Letter are incorrect.

41. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

42. Because of this, Plaintiff expended time and money in determining the proper course of action.

43. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

44. Plaintiff's failure to pay the debt arose from the collection Letter itself because the Plaintiff believes it was an attempt to collect monies not owed.

45. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused further adjustment(s) to accrue to the Plaintiff's financial detriment.

46. In addition, Plaintiff suffered emotional and physical harm because of the Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

47. These violations by the Defendant NCI were knowing, willful, negligent, and/or intentional, and the Defendant NCI did not maintain procedures reasonably adopted to avoid any such violations.

48. Defendant NCI's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

49. Defendant NCI's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant NCI's collection efforts because the Plaintiff could not adequately respond to the Defendant NCI's demand for payment of this debt.

50. Defendant NCI's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant NCI's debt collection.

51. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the Letter to his detriment.

52. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

53. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud and conversion.

54. Plaintiff has a right to receive proper notice of the alleged debt, and in the context of the collection letters, a right to receive proper notice of the nature and character of his debt.

55. Defendant failed to effectively inform the Plaintiff regarding the right to collect a debt in the amounts stated, in violation of law, and the Defendant has harmed the Plaintiff.

56. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

57. Plaintiff repeats the above allegations as if set forth here.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. In addition, this section enumerates specific violations such as:

> The false representation of … the character, amount, or legal status of any debt.
> …
> The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A) and 1692e (10).

61. Defendant NCI violated said section by providing false and confusing information concerning the nature, character and/or legal status of the alleged debt.

62. Defendant's violation further included false representations by deceptively stating the debt, and how the same was calculated.

63. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

64. Plaintiff repeats the above allegations as if set forth here.

65. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

66. Pursuant to 15 U.S.C. § 1692g, within five days of an initial communication, a debt collector must send written notice of the amount of the debt.

67. Defendant violated this section by failing to clearly state the correct amount of the debt in violation of § 1692g (a)(1).

68. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

69. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mozes Basch, individually and on behalf of all others similarly situated, demands judgment from the Defendant Nationwide Credit, Inc., as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert T. Yusko, Esq., as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of the Action, reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 2, 2022            Respectfully Submitted,
**Stein Saks, PLLC**

By: s/ Robert T. Yusko
Robert T. Yusko, Esq.
One University Plaza, Suite 620
Hackensack, NJ, 07601
P. (201) 282-6500
F. (201) 282-6501
ryusko@SteinSaksLegal.com
*Attorneys for Plaintiff*